UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES R. WILLIS, | ) | 1:09-cv-01703-AWI-GSA-PC |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT |
| v. | ) | (Docs. 7, 11, 12, 13 resolved) |
| | ) | |
| HARLEY G. LAPPIN, et al., | ) | THIRTY DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT |
| | ) | |
| Defendants. | ) | ORDER FOR CLERK TO SEND COMPLAINT FORM TO PLAINTIFF |
| _____ | ) | |

James R. Willis ("plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to Bivens v. Six Unknown Federal Agents, 403 U.S. 388 (1971). Plaintiff filed the complaint commencing this action on September 28, 2009. (Doc. 1.) On January 19, 2010, plaintiff filed a motion for leave to amend or supplement the complaint, along with a proposed First Amended Complaint, which was filed by the Clerk on January 19, 2010. (Docs. 7, 8.) On March 8, 2010, plaintiff filed a motion for the court to issue a ruling on his motion for leave to amend. (Doc. 11.) On April 26, 2010, plaintiff filed a motion for leave to clarify his prayer for relief in the complaint. (Doc. 12.) On April 26, 2010, plaintiff filed a motion for the court to initiate service of the complaint upon defendants. (Doc. 14.) The court here responds to plaintiff's requests for leave to amend the complaint and his request for initiation of service.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed.R.Civ.P. 15(a). When plaintiff submitted the proposed First Amended Complaint on January 19, 2010, he had not amended the complaint before, and no responsive pleading had been served in this action. Therefore, plaintiff had leave to file an amended complaint as a matter of course, and the First Amended Complaint was filed by the Clerk on January 19, 2010. (Doc. 8.)

Now, at this stage of the proceedings, plaintiff expresses a desire to clarify the prayer for relief in the First Amended Complaint. (Doc. 12.) To clarify the prayer for relief, plaintiff must file a Second Amended Complaint making the changes he requires. Because plaintiff has already amended the complaint once, he requires leave of court to amend the complaint again.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

Here, plaintiff's case has been pending since September 2009. The delay in litigation will be further extended if plaintiff is given leave to amend. However, given that the First Amended Complaint has not been served, and no other party has appeared in the action, amending the complaint will not prejudice the opposing party. The court finds no evidence of bad faith or futility in plaintiff's desire to clarify his prayer for relief. Therefore, in the interest of justice, plaintiff's motion to amend the complaint shall be granted.

Plaintiff is informed that he must demonstrate in his Second Amended Complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v.

1 Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named
2 defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative
3 link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S.
4 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743
5 (9th Cir. 1978).

6 Plaintiff should also note that although he has the opportunity to amend, it is not for the purpose
7 of adding new defendants relating to issues arising after September 28, 2009. In addition, plaintiff
8 should take care to include only those claims that have been exhausted prior to the initiation of this suit
9 on September 28, 2009.

10 Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be
11 complete in itself without reference to any prior pleading. As a general rule, an amended complaint
12 supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an
13 amended complaint is filed, the original complaint no longer serves any function in the case. Therefore,
14 in an amended complaint, as in an original complaint, each claim and the involvement of each defendant
15 must be sufficiently alleged. The Second Amended Complaint should be clearly and boldly titled
16 "Second Amended Complaint," refer to the appropriate case number, and be an original signed under
17 penalty of perjury.

18 With respect to plaintiff's request for the initiation of service upon defendants, the court will, *sua*
19 *sponte*, direct the United States Marshal to serve the complaint only after the court has screened the
20 complaint and determined that it contains cognizable claims for relief against the named defendants.
21 Plaintiff can rest assured that he will receive all orders issued in his case as long as he keeps the court
22 apprised of his current address.

23 Accordingly, it is HEREBY ORDERED that:
24     1.    Plaintiff's motion for leave to file a Second Amended Complaint is GRANTED;
25     2.    This order resolves plaintiff's motions for leave to amend the complaint, motion for a
26         ruling, and motion for initiation of service, filed January 19, 2010, March 8, 2010, and
27         April 26, 2010;

3. Plaintiff is granted thirty (30) days from the date of service of this order in which to file a Second Amended Complaint, using the court's form;

4. The Second Amended Complaint should be clearly and boldly titled "Second Amended Complaint," refer to case number 1:09-cv-01703-AWI-GSA-PC, and be an original signed under penalty of perjury;

5. The Clerk of the Court shall send one civil rights complaint form to plaintiff; and

6. Plaintiff is warned that the failure to comply with this order will result in a recommendation that this action be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: **May 20, 2010**                    **/s/ Gary S. Austin**
                                                            UNITED STATES MAGISTRATE JUDGE