IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. WILLIS, | 1:09-cv-01703-AWI-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION PROHIBITING SPOLIATION OF EVIDENCE |
| vs. | (Doc. 14.) |
| HARLEY G. LAPPIN, et al., | |
| Defendants. | |

**I.      BACKGROUND**

Plaintiff James R. Willis ("Plaintiff") is a federal prisoner proceeding pro se in this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971).  Plaintiff filed the Complaint commencing this action on September 28, 2009.  (Doc. 1.)  On January 19, 2010, Plaintiff filed the First Amended Complaint.  (Doc. 8.)  On April 26, 2010, Plaintiff filed a motion for leave to amend the complaint, which was granted by the Court on May 21, 2010.  (Docs. 12, 15.)  On June 8, 2010, Plaintiff filed the Second Amended Complaint, which is pending for the Court's screening.  (Doc. 16.)  On May 17, 2010, Plaintiff filed a motion seeking a court order requiring defendants to preserve all evidence in this action, including but not limited to the following: "All investigative reports regarding the incidents giving rise to this complaint, all photographs, video recordings from security cameras, all officer post orders for the time and date of the said incident, all request (*sic*) that plaintiff made to staff concerning personal safety concerns from between May of 2006 and December of 2007."  Motion, Doc. 14 at 1-2.

**II.    MOTION TO PROHIBIT SPOLIATION OF EVIDENCE**

Plaintiff requests relief via a court order requiring the defendants to preserve evidence, or to refrain from spoliation of evidence. "Spoliation of evidence is the 'destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence, in pending or future litigation.'" Kearney v. Foldy & Lardner, LLP, 590 F.3d 638, 649 (9th Cir. 2009) (quoting Hernandez v. Garcetti, 68 Cal.App.4th 675, 680, 80 Cal.Rptr.2d 443 (1998)).

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983) (citations omitted); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).   None of the defendants have yet appeared in this action.  Therefore, at this stage of the proceedings, the court does not yet have before it an actual case or controversy, nor does the court have jurisdiction over any of the defendants in this action.  As a result, the Court has no jurisdiction at this time to require defendants to act or refrain from acting.  A federal court may not attempt to determine the rights of persons not before the court.  Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).  Until defendants have appeared in this action, a motion requiring defendants to preserve evidence is premature, and Plaintiff's motion must be denied.

**III.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion prohibiting spoliation of evidence, filed on May 17, 2010, is DENIED as premature.

IT IS SO ORDERED.

Dated:  **January 14, 2011**                      **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE

2