IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. WILLIS,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>HARLEY G. LAPPIN, et al.,<br><br>　　　　　Defendants.<br>_____/ | 1:09-cv-01703-AWI-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO PROHIBIT SPOLIATION OF EVIDENCE (Doc. 52.) |

### I.　BACKGROUND

Plaintiff James R. Willis ("Plaintiff") is a federal prisoner proceeding pro se in this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971). Plaintiff filed the Complaint commencing this action on September 28, 2009. (Doc. 1.) This action now proceeds on the Third Amended Complaint filed by Plaintiff on July 8, 2011, against defendant United States for negligence under the FTCA; and against defendants Warden Dennis Smith, Associate Warden Belinda Avalos, Lieutenant ("Lt.") Cobb, Lt. Paul, Unit Manager Devere, Unit Manager Mrs. Bowles, Case Manager Liwag,[1] and Associate Warden Carolyn Gant for failure to protect Plaintiff, in violation of the Eighth Amendment.[2] (Doc. 24.).

On August 27, 2012, Plaintiff filed a motion seeking a court order to prohibit spoliation of evidence by Defendants. (Doc. 52.)

---

[1] In the Third Amended Complaint, Plaintiff spelled this defendant's name as Li Wag. 3ACP at 2. Defendant has corrected the spelling to Liwag. Motion, Doc. 43-1 at 24 ¶4.

[2] To date, defendant Gant has not been served with process or appeared in this action. (Doc. 35.)

1

## II.   MOTION TO PROHIBIT SPOLIATION OF EVIDENCE

"Spoliation of evidence is the 'destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence, in pending or future litigation.'" Kearney v. Foldy & Lardner, LLP, 590 F.3d 638, 649 (9th Cir. 2009) (quoting Hernandez v. Garcetti, 68 Cal.App.4th 675, 680, 80 Cal.Rptr.2d 443 (1998)). "Litigants owe an uncompromising duty to preserve what they know or reasonably should know will be relevant evidence in a pending lawsuit, or one in the offing . . . ." JUDGE WILLIAM W. SCHWARZER ET AL., FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 11:125 (2004) (internal quotations and citations omitted).  Further, the destruction of evidence is sanctionable conduct.

Plaintiff requests relief via a court order requiring the defendants to preserve all evidence in this action, or to refrain from spoliation of evidence, including but not limited to the following: "All investigative reports regarding the incidents giving rise to this claim, all post assault photographs taken of plaintiff, video recordings from security cameras of the actual assault against plaintiff, [t]he officer Post orders of Tower 7 (Yard Tower) all compound officers, facility cooridor [*sic*] officer, and Building 6A and 6B, for the time and date of the assault, [a]ny and all documentation in connection to plaintiff's requests for protective custody or transfers from between May of 2006 leading up to the assault of Oct. 2007, and until his transfer from USP-Atwater, with responses to such." Motion, Doc. 52 at 2.

Given the duty to preserve evidence, Plaintiff's motion shall be denied.  The Court declines to presume that Defendants will destroy evidence, and Plaintiff has provided no evidence that evidence is in danger of being destroyed.

## III.   CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to prohibit spoliation of evidence, filed on August 27, 2012, is DENIED.

IT IS SO ORDERED.

Dated:   **December 4, 2012**             /s/ **Gary S. Austin**
                                                                        UNITED STATES MAGISTRATE JUDGE