IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. WILLIS, | 1:09-cv-01703-AWI-GSA-PC |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS (Doc. 56.) |
| vs. | |
| HARLEY G. LAPPIN, et al., | ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS (Doc. 43.) |
| Defendants. | ORDER FOR THIS CASE TO PROCEED ONLY AGAINST DEFENDANT DEVERE FOR FAILURE TO PROTECT PLAINTIFF UNDER THE EIGHTH AMENDMENT |
| | ORDER DISMISSING ALL OTHER CLAIMS AND DEFENDANTS |

James R. Willis ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 17, 2012, findings and recommendations were entered, recommending that Defendants' motion to dismiss be granted in part. (Doc. 56.) On November 14, 2012, Plaintiff filed objections to the findings and recommendations. (Doc. 57.) On November 16, 2012, Defendants filed objections to the findings and recommendations. (Doc. 58.)

1

1  In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this
2  Court has conducted a de novo review of this case. Having carefully reviewed the entire file,
3  including the parties' objections, the Court finds the findings and recommendations to be supported
4  by the record and proper analysis.

5  As explained by the Magistrate Judge, the failure of prison officials to protect inmates from
6  attacks by other inmates may rise to the level of an Eighth Amendment violation where prison
7  officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer v.
8  Brennan, 511 U.S. 825, 847 (1994); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). An
9  officer can be held liable for failing to intercede if he had a "realistic opportunity" to intercede.
10 Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000). At issue in the pending motion to
11 dismiss is whether Defendants are entitled to qualified immunity for Plaintiff's claims of failing to
12 protect him. The Supreme Court in Saucier v. Katz, 533 U.S. 194 (2001), outlined a two-step
13 approach to qualified immunity. The first step requires the court to ask whether "[t]aken in the light
14 most favorable to the party asserting the injury, do the facts alleged show the officer's conduct
15 violated a constitutional right?" Saucier, 533 U.S. at 201; Bull v. City and County of San Francisco,
16 595 F.3d 964, 971 (9th Cir. 2010); Millender, 564 F.3d at 1148. "If the answer to the first inquiry is
17 yes, the second inquiry is whether the right was clearly established: in other words, 'whether it would
18 be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'"
19 Millender, 564 F.3d at 1148 (quoting Saucier, 533 U.S. at 201). The court agrees with the
20 Magistrate Judge that Plaintiff's statements to most Defendants – that he was afraid for his safety
21 based upon Plaintiff's record and experiences at another prison – may entitle these Defendants to
22 qualified immunity. However, given the additional information of a specific threat given to
23 Defendant Devere, the court finds a reasonable officer would realize this situation required further
24 immediate attention, particularly when Plaintiff had repeatedly warned Defendant Devere and others,
25 prior to the specific threat, of possible harm to Plaintiff if he were placed in general population.

Accordingly, THE COURT HEREBY ORDERS that:

1. The Findings and Recommendations issued by the Magistrate Judge on October 17, 2012, are adopted in full;
2. Defendants' motion to dismiss, filed on June 20, 2012, is granted in part;
3. This case now proceeds only against defendant Unit Manager Devere, on Plaintiff's Bivens claims, for failure to protect Plaintiff under the Eighth Amendment.
4. All other claims and defendants are dismissed from this action;
5. Plaintiff's negligence claims against defendant United States are dismissed from this action for lack of subject matter jurisdiction, under the discretionary function exception of the Federal Tort Claims Act;
6. Plaintiff's Bivens claims against defendants Warden Dennis Smith, Associate Warden Belinda Avalos, Lt. Cobb, Lt. Paul, Unit Manager Mrs. Bowles, Case Manager Liwag, and Associate Warden Carolyn Gant, for failure to protect Plaintiff under the Eighth Amendment, are dismissed from this action based on qualified immunity;
7. Defendants United States, Smith, Avalos, Cobb, Paul, Bowles, Liwag, and Gant are dismissed from this action based on Plaintiff's failure to state any claims against them; and
8. This case is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated: March 18, 2013

SENIOR DISTRICT JUDGE