UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. WILLIS,<br><br>        Plaintiff,<br><br>    vs.<br><br>HARLEY G. LAPPIN, et al.,<br><br>        Defendants. | 1:09-cv-01703-AWI-GSA-PC<br><br>ORDER FOR CLERK TO FILE PLAINTIFF'S EXPEDITED MOTION TO ENFORCE SETTLEMENT UNDER SEAL |

## I. BACKGROUND

James R. Willis ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 28, 2009. (Doc. 1.) On May 20, 2013, the court dismissed this case with prejudice, pursuant to the parties' stipulation to a private settlement agreement reached between Plaintiff and Defendants. (Doc. 64.) On July 22, 2013, Plaintiff filed an Expedited Motion to Enforce Settlement.

## II. SEALED DOCUMENTS

Federal courts have recognized a strong presumption that judicial records are accessible to the public. Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). Generally, if a party seeks to seal a judicial record, the party bears the burden of overcoming this presumption by articulating "compelling reasons supported by specific factual findings" to justify sealing the records at issue. Id. In the case of non-dispositive motions, however, the

presumption in favor of public access does not apply with equal force. Id. at 1179. Thus, a showing of good cause will suffice to justify sealing a non-dispositive motion. Id. at 1180.

Pursuant to Federal Rule of Civil Procedure 5.2(d), a court "may order that a filing be made under seal without redaction," and the Supreme Court has acknowledged that the decision to seal documents is "one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case," Nixon v. Warner Communications, Inc., 435 U.S. 589, 599, 98 S.Ct. 1306, 1312 (1978). Courts should consider "the interests [of] the parties in light of the public interest and the duty of the courts." Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995) (quoting Nixon, 435 U.S. at 602).

### Plaintiff's Motion

Plaintiff has filed a motion requesting the court to either enforce the parties' settlement agreement, allow the parties to amend the settlement agreement, or void the settlement agreement. Plaintiff has attached exhibits to the motion, which include copies of a letter of settlement offer and the private settlement agreement signed by Plaintiff and Defendants' counsel. Throughout the motion, Plaintiff discusses the parties' conversations and negotiations concerning the settlement.

### Discussion

Because a motion to enforce, amend, or void a settlement agreement is only tangentially related to the merits of the underlying cause of action, it constitutes a non-dispositive motion, which requires a showing of good cause to justify sealing it. See Kamakana, 447 F.3d at 1179 (quotation omitted). The Court finds that, to the extent that Plaintiff's motion discusses or discloses the terms of the private settlement agreement, good cause exists to permit filing it under seal. See Phillips ex rel. Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1212 (9th Cir.2002) (noting that courts have granted protective orders to protect confidential settlement agreements); see also Shinn v. Baxa Corp., No. 07–cv–01648, 2008 U.S. Dist. LEXIS 57681, *4–5 (D.Nev. July 7, 2008) (permitting parties to file under seal settlement agreement that was the subject of motion to determine good faith settlement). Because

///

Plaintiff's motion, consists entirely or substantially of material relating to the terms of the private settlement agreement, the motion in its entirety shall be filed under seal.

**IV.   CONCLUSION**

Based on the foregoing, and good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion to Enforce Settlement, in its entirety, shall be filed under seal; and
2. The Clerk is DIRECTED to file Plaintiff's Motion to Enforce Settlement and its attached exhibits, filed on July 22, 2013, under seal.

IT IS SO ORDERED.

Dated:   **July 24, 2013**                              **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE