UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. WILLIS,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>HARLEY G. LAPPIN, et al.,<br><br>　　　　　Defendants. | 1:09-cv-01703-AWI-GSA-PC<br><br>ORDER RE PLAINTIFF'S REQUEST FOR CLARIFICATION<br>(Doc. 67.)<br><br>ORDER FOR PARTIES TO RESPOND WHETHER THEY AGREE THAT DOCUMENTS MAY BE UNSEALED<br><br>THIRTY DAY DEADLINE TO RESPOND |

**I.　　BACKGROUND**

　　James R. Willis ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 28, 2009. (Doc. 1.) On May 20, 2013, the court dismissed this case with prejudice, pursuant to the parties' stipulation to a settlement agreement reached between Plaintiff and Defendants. (Doc. 64.) On July 22, 2013, Plaintiff filed an Expedited Motion to Enforce Settlement. (Doc. 66.) On July 25, 2013, the court entered an order for the Clerk to file Plaintiff's Expedited Motion to Enforce Settlement under seal. (Doc. 65.)

　　On August 5, 2013, Plaintiff filed a request for clarification of the court's order sealing his motion. (Doc. 67.)

///

## II. PLAINTIFF'S REQUEST FOR CLARIFICATION

Plaintiff disagrees with the court's decision to seal his motion. Plaintiff argues that the language of the settlement contract between the parties does not indicate that it is a private settlement agreement, but rather an agreement of full disclosure. Plaintiff asserts that Paragraph 9 of the agreement states, "The parties agree that this Stipulation for Compromise Settlement and Release, including all terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the Plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 522a(b)." (Motion, Doc. 67 at 2.)

### *Discussion*

In its order, the court determined that good cause existed to seal Plaintiff's motion "to the extent that Plaintiff's motion discusses or discloses the terms of the private settlement agreement." (Order, Doc. 65 at 2:21-23.) The court termed the parties' agreement a "private settlement agreement" based on the fact that the parties did not use court assistance when discussing settlement or coming to an agreement. The court found good cause to seal Plaintiff's motion based on its disclosure of settlement negotiations between the parties, including the parties' conversations and written correspondence. (Id. at 2:13-16.)

If the parties agree that Plaintiff's motion, its exhibits, all related documents responsive to the motion, and information concerning the parties' settlement negotiations are not confidential, the court is then inclined to grant Plaintiff's motion, thus its exhibits, and all other related documents would be unsealed. To this end, the parties shall be required to file a written response to the court within thirty days, indicating whether they agree that Plaintiff's Expedited Motion to Enforce Settlement and all related documents, including documents disclosing the parties' settlement negotiations and agreements, may be maintained unsealed on the court's public record.

///

///

///

III.  **CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. This order resolves Plaintiff's request for clarification filed on August 5, 2013; and

2. Within thirty days of the date of service of this order, Plaintiff and Defendants' counsel shall each file a written response to the court, either:

    (1) indicating agreement that Plaintiff's Expedited Motion to Enforce Settlement and all related documents, including documents disclosing the parties' settlement negotiations and agreements, may be maintained unsealed on the court's public record;

    or

    (2) showing cause why said documents should be sealed on the court's record.

IT IS SO ORDERED.

Dated:   **August 16, 2013**              **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE