UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. WILLIS,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>HARLEY G. LAPPIN, et al.,<br><br>　　　　　Defendants. | 1:09-cv-01703-AWI-GSA-PC<br><br>ORDER GRANTING MOTION TO UNSEAL DOCUMENTS<br>(Doc. 74.)<br><br>ORDER DIRECTING CLERK TO UNSEAL DOCUMENTS 66, 68, AND 71, AND TO MAINTAIN ALL DOCUMENTS IN THIS CASE UNSEALED UNTIL FURTHER NOTICE |

**I.　　BACKGROUND**

　　James R. Willis ("Plaintiff") is a federal prisoner proceeding pro se in this civil rights action pursuant to <u>Bivens vs. Six Unknown Agents</u>, 403 U.S. 388 (1971).  Plaintiff filed this case on September 28, 2009.  (Doc. 1.)  On May 20, 2013, the court dismissed this case with prejudice, pursuant to the parties' stipulation to a settlement agreement reached between Plaintiff and Defendants.  (Doc. 64.)

　　On July 22, 2013, Plaintiff filed an Expedited Motion to Enforce Settlement.  (Doc. 66.) On July 25, 2013, the court entered an order for the Clerk to file and maintain Plaintiff's Expedited Motion to Enforce Settlement under seal.  (Doc. 65.)  On August 6, 2013 and August 26, 2013, the parties submitted documents related to Plaintiff's motion, which the court also filed under seal.  (Docs. 68, 71.)

On August 5, 2013, Plaintiff filed a request for clarification of the court's order sealing his motion. (Doc. 67.) Plaintiff disagreed with the court's decision to seal his motion, arguing that the language of the settlement contract between the parties does not indicate that it is a private settlement agreement, but rather an agreement of full disclosure.

On August 19, 2013, the court entered an order requiring the parties to respond whether they would agree that the sealed documents, concerning the parties' settlement agreement in this action, should be unsealed and maintained on the court's public record. (Doc. 69.) On September 9, 2013, Defendants filed a response to the order. (Doc. 73.) On September 12, 2013, Plaintiff filed a motion to unseal documents. (Doc. 74.)

## II.   DEFENDANTS' RESPONSE

Defendants indicate that they do not oppose maintaining the settlement documents on the court's public record unsealed. Defendants cite evidence on the record that the parties stipulated that terms and conditions of their compromise settlement may be made public. (Exh. 3 to Doc. 66, at 31 ¶9.)

## III.   PLAINTIFF'S RESPONSE – MOTION TO UNSEAL DOCUMENTS

Plaintiff responded to the court's order by filing a motion to unseal documents, requesting that his Expedited Motion to Enforce Settlement and all documents associated with it be unsealed. Plaintiff argues that no good cause existed to seal the documents, as there is no indication that the parties meant to conceal the terms of their contract.

## IV.   DISCUSSION

The court *sua sponte* sealed three documents in this case in an abundance of caution, after recognizing that the documents discuss or disclose the terms of the settlement agreement between the parties. Now, the parties have agreed that no good cause exists to maintain those three documents, or any other settlement documents filed in this action, under seal. Therefore, Plaintiff's motion to unseal documents, filed on September 12, 2013, shall be granted.

///

///

///

**V.     CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.     Plaintiff's motion to unseal documents, filed on September 12, 2013, is GRANTED; and

2.     The Clerk is directed to unseal documents 66, 68, and 71, on the court's record for this action, and to maintain all documents in this case unsealed until further notice.

IT IS SO ORDERED.

Dated:     **September 19, 2013**                    **/s/ Gary S. Austin**
                                                                         UNITED STATES MAGISTRATE JUDGE