UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. WILLIS,<br><br>         Plaintiff,<br><br>   vs.<br><br>HARLEY G. LAPPIN, et al.,<br><br>         Defendants. | 1:09-cv-01703-AWI-GSA-PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE<br>(Doc. 76.)<br><br>ORDER STRIKING PORTION OF DEFENDANTS' RESPONSE, TO THE EXTENT THAT IT ACTS AS A SURREPLY<br>(Doc. 73.) |

## I.     BACKGROUND

James R. Willis ("Plaintiff") is a federal prisoner proceeding pro se in this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971).   Plaintiff filed this case on September 28, 2009.  (Doc. 1.)  On May 20, 2013, the court dismissed this case with prejudice, pursuant to the parties' stipulation to a settlement agreement reached between Plaintiff and Defendants.  (Doc. 64.)

On August 19, 2013, the court entered an order requiring the parties to respond whether Plaintiff's Expedited Motion to Enforce Settlement ("Expedited Motion"), filed on July 22, 2013, and other documents regarding the parties' settlement, should be maintained on the court record under seal.  (Doc. 69.)  On September 9, 2013, Defendants filed a response to the order.

(Doc. 73.) On September 19, 2013, Plaintiff filed a motion to strike part of Defendants' response. (Doc. 76.) Defendants have not filed an opposition.

Plaintiff's motion to strike is now before the court.

## II.   PLAINTIFF'S MOTION TO STRIKE

Plaintiff requests the court to strike part of Defendants' September 9, 2013 response to the court's order. Plaintiff argues that Defendants improperly incorporated an argument into their response to the court's order which amounts to a surreply in support of Defendants' opposition to Plaintiff's Expedited Motion. Plaintiff argues that Defendants violated Local Rule 230 in submitting the surreply.

### *Surreply*

A surreply, or sur-reply, is an additional reply to a motion filed after the motion has already been fully briefed. USLegal.com, http://definitions.uslegal.com/s/sur-reply/ (last visited November 5, 2012). The Local Rules provide for a motion, an opposition, and a reply. Neither the Local Rules nor the Federal Rules provide the right to file a surreply. A district court may allow a surreply to be filed, but only "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." Hill v. England, 2005 WL 3031136, *1 (E.D. Cal. Nov. 8, 2005).

Here, the court finds no valid reason to allow a surreply, because Plaintiff did not raise any new arguments in his reply brief, and Defendants have not provided any reason their arguments could not have been made in their opposition to Plaintiff's Expedited Motion. The Court neither requested a surreply nor granted a request on behalf of Defendants to file one. Plaintiff's Expedited Motion was deemed submitted to the court on August 26, 2013. Local Rule 230(*l*). Therefore, Plaintiff's motion to strike shall be granted.

## III.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to strike, filed on September 19, 2013, is GRANTED; and

///

///

2. The portion of Defendants' response of September 9, 2013, which acts as a surreply in opposition to Plaintiff's Expedited Motion of July 22, 2012, is STRICKEN from the record.[1]

IT IS SO ORDERED.

Dated: **November 7, 2013**  /s/ Gary S. Austin
UNITED STATES MAGISTRATE JUDGE

---

[1] "When a document is stricken, it becomes a nullity and is not considered by the court for any purpose." (Informational Order, Doc. 3 at 2 fn.1.)