UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. WILLIS,<br><br>        Plaintiff,<br><br>   vs.<br><br>DEVERE,<br><br>        Defendant. | 1:09-cv-01703-AWI-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT BE DENIED FOR LACK OF JURISDICTION<br>(Doc. 66.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

**I.    BACKGROUND**

James R. Willis ("Plaintiff") is a federal prisoner proceeding pro se in this civil rights action pursuant to <u>Bivens vs. Six Unknown Agents</u>, 403 U.S. 388 (1971). Plaintiff filed this case on September 28, 2009. (Doc. 1.) This case proceeded on Plaintiff's Third Amended Complaint, filed on July 8, 2011, against defendant Devere ("Defendant") for failure to protect Plaintiff in violation of the Eighth Amendment.[1]  (Doc. 24.)  On May 20, 2013, the court dismissed this action with prejudice, pursuant to the parties' Stipulation for Dismissal and Rule 41(a) of the Federal Rules of Civil Procedure. (Doc. 64.)

///

---

[1] On March 19, 2013, the court granted Defendants' motion to dismiss, dismissing all other claims and defendants from this action. (Doc. 60.)

1

On July 22, 2013, Plaintiff filed an Expedited Motion to Enforce Settlement. (Doc. 66.) On August 6, 2013, Defendant filed an opposition to the motion. (Doc. 68.) On August 26, 2013, Plaintiff filed a reply to the opposition. (Doc. 71.) Plaintiff's motion is now before the court.

## II. MOTION FOR ENFORCEMENT OF SETTLEMENT AGREEMENT

### A. <u>Plaintiff's Position</u>

Plaintiff requests an expedited court order, either enforcing the parties' settlement agreement ("Agreement"), allowing a stipulated amendment to the Agreement, or voiding the Agreement. Plaintiff contends that the court maintains jurisdiction to enforce the Agreement.

Plaintiff argues that the Agreement, in which Defendant agreed to pay Plaintiff the sum of $3,000.00 in exchange for Plaintiff's dismissal of the case with prejudice, was breached or should be voided because on June 10, 2013, he received a motion from the U.S. Attorney in the Western District of Texas for a court order directing the federal Bureau of Prisons to turn over Plaintiff's $3,000.00 award for payment of Plaintiff's restitution. Plaintiff argues that the U.S. Attorney who negotiated the Agreement with Plaintiff made misleading comments during the telephonic settlement conference that led Plaintiff to believe the $3,000.00 was his money, "clear and free." (Motion, Doc. 66 at $9^2$ ¶E.)

### B. <u>Defendant's Position</u>

Defendant argues that the court lacks jurisdiction to re-write the Agreement, because the court's power to approve or reject settlements does not permit it to modify the terms of a negotiated settlement.

Defendant also argues that Plaintiff is precluded from claiming that statements made during negotiations were misleading, because the Agreement expressly advised Plaintiff that "no warranties, representations, promises, and/or assurances of any types" were made during negotiations, and Plaintiff agreed in writing. (Opp'n, Doc. 68 at 5:12-15.)

---

[2] Pagination is based on the Court's electronic court filing system (ECF). When the party's pagination on a document differs from the pagination used by ECF, the Court uses the pagination used by ECF.

Defendant also argues that the evidence shows nothing more than Plaintiff's unilateral mistake of fact and no undue influence, because there was no discussion of restitution, and no reasonable person would interpret paragraph 11 of the Agreement to mean that the "settlement [was] exempt from any other execution other than for taxes." (Opp'n at 6:2-4.)

In addition, Defendant argues that Plaintiff's motion constitutes a collateral attack on the turnover order made by the Western District of Texas, and his remedy is in the Western District of Texas.

### C. Discussion

Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute. Kokkonen v. Guardian Life Insurance Co., 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994.)  A claim for breach of contract or a settlement agreement, even if part of the consideration for it is dismissal of a federal case, will not provide the basis for federal court jurisdiction. Id. at 381.  This limited jurisdiction cannot be expanded by judicial decree. Id. at 377 (citing American Fire & Casualty Co. v. Finn, 341 U.S. 6, 17-18, 71 S.Ct. 534, 95 L.Ed. 702 (1951)).  Lack of jurisdiction is to be presumed and the burden of proving jurisdiction rests with the party asserting jurisdiction. Kokkonen, 511 U.S. at 377.

Enforcement of a settlement agreement is "more than a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." Id. at 378.  A district court lacks jurisdiction to enforce a settlement agreement following a dismissal of the action unless the district judge either: (1) expressly in the dismissal order, retains jurisdiction over the settlement agreement; or (2) incorporates the terms of the settlement agreement in the dismissal order. See id. at 381.  Under those circumstances, a breach of the agreement would be a violation of a court order and the district court would have ancillary jurisdiction to enforce the agreement. Id.  Absent those circumstances, however, remedying any breach of the settlement agreement requires initiation of a new lawsuit to enforce the contract.  If the court does not retain jurisdiction to enforce the settlement agreement, the vehicle for the enforcement of the settlement agreement is a breach of contract claim in another proceeding, where "part of the consideration [for the contract] was dismissal of an earlier federal suit." Id.

Here, the parties filed a Stipulation for Dismissal with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (Doc. 63.) All of the parties signed the Stipulation, and the court entered an order approving the Stipulation, dismissing the case with prejudice. (Id.; Doc. 64.) The district judge did not expressly retain jurisdiction over the parties' settlement agreement or incorporate the terms of the settlement agreement in the dismissal order.

The Agreement itself contains one provision regarding the court's retention of jurisdiction. It states: "The parties further agree that a Stipulation of Dismissal with Prejudice shall be filed upon execution of this Stipulation for Compromise, with the Court to retain jurisdiction to enforce the agreement." (Settlement Agreement, Exh. 3 to Motion, Doc. 66 at 32 ¶12.) However, the Stipulation for Dismissal and Order signed by the district judge and filed in this case does not contain any provisions regarding the court's retention of jurisdiction, and "neither the Rule nor any provision of law provides for jurisdiction of the court over disputes arising out of an agreement that produces the stipulation." Id. at 378. Therefore, any further enforcement of the Agreement is a matter for state court, and Plaintiff's motion to enforce the settlement must be denied for lack of jurisdiction.

## III.   CONCLUSION

Based on the foregoing, THE COURT HEREBY RECOMMENDS that Plaintiff's Expedited Motion to Enforce Settlement, filed on July 22, 2013, be DENIED for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, the parties may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file

///

///

objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated: **January 14, 2014**                         **/s/ Gary S. Austin**
                                                                          UNITED STATES MAGISTRATE JUDGE