UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. WILLIS,<br><br>            Plaintiff,<br><br>     vs.<br><br>DEVERE,<br><br>            Defendant. | 1:09-cv-01703-AWI-GSA-PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>ORDER STRIKING PLAINTIFF'S MOTION FOR SANCTIONS AS AN IMPERMISSIBLE SURREPLY<br><br>(Doc. 84.) |

**I.      BACKGROUND**

James R. Willis ("Plaintiff") is a federal prisoner proceeding pro se in this civil rights action pursuant to <u>Bivens vs. Six Unknown Agents</u>, 403 U.S. 388 (1971).   Plaintiff filed this case on September 28, 2009.  (Doc. 1.)  This case proceeded on Plaintiff's Third Amended Complaint, filed on July 8, 2011, against defendant Devere ("Defendant") for failure to protect Plaintiff in violation of the Eighth Amendment.[1]   (Doc. 24.)   On May 20, 2013, the court dismissed this action with prejudice, pursuant to the parties' Stipulation for Dismissal and Rule 41(a) of the Federal Rules of Civil Procedure.  (Doc. 64.)

---

[1] On March 19, 2013, the court granted Defendants' motion to dismiss, dismissing all other claims and defendants from this action.  (Doc. 60.)

On July 22, 2013, Plaintiff filed an Expedited Motion to Enforce Settlement. (Doc. 66.) On August 6, 2013, Defendant filed an opposition to the motion. (Doc. 68.) On August 26, 2013, Plaintiff filed a reply to the opposition. (Doc. 71.) On January 15, 2014, the court entered findings and recommendations, recommending that Plaintiff's motion be denied. (Doc. 78.) On February 6, 2014, Plaintiff filed objections to the findings and recommendations. (Doc. 79.) On February 13, 2014, Defendant filed a reply to Plaintiff's objections. (Doc. 80.) The findings and recommendations have been submitted to the District Judge.

On March 24, 2014, Plaintiff filed a motion for the imposition of sanctions upon counsel for Defendants. (Doc. 84.) In the motion, Plaintiff raises objections to the court's order of March 7, 2014. The court construes Plaintiff's objections as a motion for reconsideration.

## II. MOTION FOR RECONSIDERATION

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134

F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See <u>Kern-Tulare Water Dist. v. City of Bakersfield</u>, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Plaintiff objects to the court's order of March 7, 2014, striking Plaintiff's prior motion for sanctions, filed on March 3, 2014, as an impermissible filing and surreply. Plaintiff argues that "he previously raised the request for sanctions in his Expedited Motion to Enforce Settlement . . . [h]owever a motion requesting sanctions must be filed as a separate motion." (Motion, Doc. 84 at 2-3 ¶II.)

Plaintiff has not set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Therefore, the motion for reconsideration shall be denied.

### III.   SURREPLY

A surreply, or sur-reply, is an additional reply to a motion filed after the motion has already been fully briefed. USLegal.com, http://definitions.uslegal.com/s/sur-reply/ (last visited December 31, 2013). The Local Rules provide for a motion, an opposition, and a reply. Neither the Local Rules nor the Federal Rules provide the right to file a surreply. A district court may allow a surreply to be filed, but only "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." <u>Hill v. England</u>, 2005 WL 3031136, *1 (E.D.Cal. Nov. 8, 2005).

Plaintiff's motion for sanctions, which raises a new argument in support of his Expedited Motion to Enforce Settlement,[2] is a surreply, because the Expedited Motion to Enforce Settlement was fully briefed and submitted on the record under Local Rule 230(*l*) on August 26, 2013, when Plaintiff filed his reply to Defendant's opposition. (Doc. 68.) Plaintiff now seeks to bring a new argument because "[h]e has now become aware that the Counsel for the Defendant has violated Local Rule 131(f) by signing the Plaintiff's name on [the parties'

---

[2] In the Expedited Motion to Enforce Settlement, Plaintiff requested either (1) enforcement of the parties' settlement agreement, (2) allowing a stipulated amendment to the settlement agreement, or (3) voiding the agreement. (Doc. 66 at 4.)

stipulation to dismiss this case] electronically without first obtaining a signed original document from Plaintiff." (Motion, Doc. 84 at 3.)

The Court neither requested a surreply nor granted a request by Plaintiff to file one. Moreover, it appears that Plaintiff's motion for sanctions is without merit, because the court record shows Plaintiff's non-electronic signature on the parties' stipulation to dismiss this case, filed on May 17, 2013. (Doc. 63 at 1.) Thus, the court finds no valid reason to allow Plaintiff to file his motion for sanctions, or surreply, at this juncture. Therefore, Plaintiff's motion for sanctions shall be stricken from the record as an impermissible surreply.

**IV.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration of the court's order of March 7, 2014, is DENIED; and
2. Plaintiff's motion for sanctions, filed on March 24, 2014, is STRICKEN from the record as an impermissible surreply.

IT IS SO ORDERED.

Dated:   **March 27, 2014**                               **/s/ Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE