UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. WILLIS, | 1:09-cv-01703-AWI-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, WITH PREJUDICE |
| vs. | (Doc. 87.) |
| DEVERE, | |
| Defendant. | |

## I.    BACKGROUND

James R. Willis ("Plaintiff") is a federal prisoner proceeding pro se in this civil rights action pursuant to <u>Bivens vs. Six Unknown Agents</u>, 403 U.S. 388 (1971).   Plaintiff filed this case on September 28, 2009.  (Doc. 1.)  This case proceeded on Plaintiff's Third Amended Complaint, filed on July 8, 2011, against defendant Devere ("Defendant") for failure to protect Plaintiff in violation of the Eighth Amendment.[1]   (Doc. 24.)  On May 20, 2013, the court dismissed this action with prejudice, pursuant to the parties' Stipulation for Dismissal and Rule 41(a) of the Federal Rules of Civil Procedure.  (Doc. 64.)

---

[1] On March 19, 2013, the court granted Defendants' motion to dismiss, dismissing all other claims and defendants from this action.  (Doc. 60.)

1

On July 22, 2013, Plaintiff filed a motion for the court to enforce the parties' settlement agreement.  (Doc. 66.)  On April 21, 2014, the court issued an order denying Plaintiff's motion, for lack of jurisdiction.  (Doc. 86.)

On May 12, 2014, Plaintiff filed a motion to amend or set aside the court's dismissal order of May 20, 2013, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  (Doc. 87.)  On May 28, 2014, Defendant filed an opposition to the motion.  (Doc. 88.)  On July 7, 2014, Plaintiff filed a reply to the opposition.  (Doc. 91.)

## II.   MOTION FOR RECONSIDERATION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ."  Id. (internal quotation marks and citation omitted).   In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134

F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

**Parties' Positions**

Plaintiff requests reconsideration of the court's order of May 20, 2013, dismissing this action, on the grounds of bad faith conduct, mistake, misrepresentation, fraud, and other misconduct during settlement negotiations between the parties, which caused Plaintiff to enter into an unfair settlement agreement.  Plaintiff also argues that Defendant's counsel breached the parties' contract because he did not comply with the terms of the settlement agreement during negotiations or in preparing the parties' stipulation of dismissal.

Defendant argues that Plaintiff improperly raises the same meritless issues rejected by the court in his previous motion to enforce the settlement agreement.  Defendant argues that that no misrepresentations were made during settlement proceedings, there was no fraud or undue influence, the settlement was fair, the United States paid the settlement, and there is no basis for the court to exercise jurisdiction to modify or enforce the settlement agreement.

Plaintiff argues that he is entitled to relief pursuant to Rule 60(b)(1), because of Plaintiff's mistake in the judicial process, when he signed the stipulation for dismissal under the mistaken belief that the court would retain jurisdiction of the settlement contract.

**Discussion**

The issues raised by Plaintiff in his motion for reconsideration were resolved in the court's order of April 21, 2014, which denied Plaintiff's motion for the court to enforce the parties' settlement agreement.  (Doc. 86.)  Plaintiff has not set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decisions in this action.  Therefore, Plaintiff's motion shall be denied, and no further motions for reconsideration or clarification shall be considered.

///

///

**III.     CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.      Plaintiff's motion for reconsideration of the court's order of May 20, 2013, is DENIED, with prejudice; and

2.      No further motions for reconsideration or clarification shall be considered by the court in this action.

IT IS SO ORDERED.

Dated:  ___July 29, 2014___                     _____

                                                                  SENIOR  DISTRICT  JUDGE